UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

HOLLEY *et al*,

               Plaintiffs,

v.

THE CITY OF NEW YORK *et al*,

               Defendants.

</td></tr>
</table>

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:
```

No. 23-CV-1838 (RA)

<u>MEMORANDUM
OPINION & ORDER</u>

RONNIE ABRAMS, United States District Judge:

Brothers Anthony and Tony Holley bring this action against the City of New York and several New York City Police Department employees in connection with their arrest and prosecution for gambling-related charges. They allege violations of their federal constitutional rights, asserting claims for fabrication of evidence, failure to intervene, malicious prosecution, and municipal liability pursuant to 42 U.S.C. § 1983. They also allege violations of their state constitutional rights and tort law, including the negligent and intentional infliction of emotional distress. On January 29, 2024, Judge Netburn issued a report and recommendation (the "Report") recommending that the defendants' motion to dismiss be granted in part and denied in part. The Court adopts that Report with two modifications. In particular, it (1) dismisses without prejudice the municipal liability claim to the extent it relies on malicious prosecution and (2) dismisses with prejudice the intentional infliction of emotional distress claim against the City.

**LEGAL STANDARD**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).[1] Parties may object to a

---

[1] Unless otherwise indicated, this memorandum opinion and order omits all internal quotations marks, citations,

magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). Where, as here, "the parties make no objections to the Report, the Court may adopt the Report if there is no clear error on the face of the record." *Smith v. Corizon Health Services*, No. 14-CV-8839, 2015 WL 6123563, at *1 (S.D.N.Y. Oct. 16, 2015); *see Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018).

## DISCUSSION

Applying this standard, the Court adopts Judge Netburn's well reasoned Report with the following two modifications.

*First*, the Court dismisses without prejudice the Holleys' municipal liability claim to the extent it arises from their malicious prosecution claim. The Report recommended dismissing the Holleys' claim with prejudice, reasoning that it relies solely on an untimely false arrest claim. The Court agrees that the claim relies on an untimely arrest claim but finds that it also relies on a timely malicious prosecution claim. Nonetheless, the claim is not plausibly alleged.

To assert a plausible municipal liability claim, "a plaintiff [must] plead . . . three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010). *See generally Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–94 (1978) (explaining municipal liability under 42 U.S.C. § 1983).

The Holleys allege that "Defendant City, acting through NYPD, had actual and/or de facto policies, practices, customs and/or usages of using private information from sealed arrests to target and unlawfully re-arrest and charge individuals who are members of racial/ethnic minority groups such as plaintiffs, who are blacks, as repeat offenders." Proposed Am. Compl. ¶ 63, Dkt. 34-2.

---

footnotes, omissions, emphases, and alterations in quoted text.

Relatedly, they further allege that "[r]elying upon [the] City's policy and practices and the fact that it has failed to properly train defendant officers as to the sealing statutes, defendant officers targeted and unlawfully arrested the plaintiffs and thereafter falsely charged them with multiple crimes as repeat offenders." *Id*. ¶ 64. As the Report observed, these alleged policies or customs arise from an untimely false arrest claim. Given the complaint's reference to "charge[s]," however, they also appear to arise out of a timely malicious prosecution claim, rendering dismissal with prejudice only partially appropriate.

Nevertheless, the Holleys fail to plead a plausible municipal liability claim based on these policies or customs—assuming for the sake of argument that they even qualify as such—because they did not plausibly "cause[] the [Holleys] to be subjected to . . . a denial of a constitutional right." *Torraco*, 615 F.3d at 140. Given that "the policy [or custom] must *actually* cause the constitutional violation," *Vives v. City of New York*, 524 F.3d 346, 352 (2d Cir. 2008) (emphasis added), the plaintiff must plead an "affirmative link . . . between the policy and the deprivation of his constitutional rights," *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985). The Holleys fail to do so because they do not allege that they were charged as "repeat offenders" in accordance with the alleged policies or customs. They do not, for example, claim that they were subject to New York Penal Law § 70.06, which requires a prison sentence for second felony offenders. *See* N.Y. Penal Law § 70.06(2).

The Holleys next allege that "the City, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiffs on the pretext that they were involved in crimes." Proposed Am. Compl. ¶ 68. Their allegation of a policy or custom

of malicious prosecution, however, is conclusory. The Holleys cite numerous cases demonstrating what they contend are "repeated occurrences of similar wrongful conduct." *Id*. ¶ 69. Yet many of the cases they cite do not arise out of alleged malicious prosecution, *see, e.g.*, *Floyd v. City of New York*, 813 F. Supp. 2d 417, 421 (S.D.N.Y. 2011); *Ligon v. City of New York*, 925 F. Supp. 2d 478, 492 (S.D.N.Y. 2013), or even mistreatment on the basis of race or ethnicity, *see, e.g.*, Complaint, *Jose DeLeon v. Elvin Pichardo*, No. 15-CV-9804 (S.D.N.Y. Dec. 17, 2015); *Travis Yancey v. City of New York*, No. 25791/2015E (N.Y. Sup. Ct. Bronx Cnty. Oct. 21, 2015). Others still resulted in settlement, without the City acknowledging wrongdoing. *See, e.g.*, Settlement Agreement ¶ 4, *Caceres v. City of New York*, No. 09-CV-8134 (S.D.N.Y. May 3, 2010). Ultimately, neither complaints "premised on a different set of factual allegations," *Simms v. City of New York*, 480 F. App'x 627, 630 (2d Cir. 2012); *see, e.g.*, *Demosthene v. City of New York*, No. 18-CV-1358, 2019 WL 181305, at *10 (E.D.N.Y. Jan. 10, 2019), nor "unproven allegations in a handful of cases," *Isaac v. City of New York*, No. 16-CV-4729, 2018 WL 5020173, at *17 (E.D.N.Y. Aug. 6, 2018), *report and recommendation adopted*, 2018 WL 4583481 (E.D.N.Y. Sept. 24, 2018); *see Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 22–23 (2d Cir. 2012), lend enough support to render the Holleys' claim plausible. Accordingly, the Holleys' claim for municipal lability against the City is dismissed, albeit without prejudice.

*Second*, the Court dismisses with prejudice the Holleys' intentional infliction of emotional distress claim against the City. Although the Holleys failed to file a notice of claim, the Report recommended that the claim proceed given an exception to the filing requirement for intentional tort claims. The Court agrees with that reasoning, with the caveat that the exception applies only to the claim against the individual defendants.

"Under New York law, a notice of claim is a condition precedent to bringing certain tort actions against a municipality." *Hart v. City of New York*, No. 11-CV-4678, 2013 WL 6139648, at *11 (S.D.N.Y. Nov. 18, 2013); *see* N.Y. Gen. Mun. Law § 50–e; *Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999). "[T]he notice of claim must set forth the nature of the claim and must be filed within ninety days of when the claim arises." *Hart*, 2013 WL 6139648, at *11. The notice requirement, moreover, "is strictly construed by New York state courts, and failure to comply with this requirement requires a dismissal for failure to state a cause of action." *Id.*; *see Hardy*, 164 F.3d at 793–94; *Hardee v. City of New York*, No. 10-CV-7743, 2014 WL 4058065, at *7 (S.D.N.Y. Aug. 14, 2014); *Mohr v. City of New York*, No. 12-CV-163, 2013 WL 5988948, at *10 n.4 (S.D.N.Y. Nov. 12, 2013). Because the Holleys did not file any notice of claim, they fail to state a plausible claim against the City for the intentional infliction of emotional distress. However, as the Report recommended, the claim against the individual defendants may proceed. "The notice prerequisite does not apply to claims . . . against municipal employees in their individual capacities . . . alleg[ing] injuries resulting from intentional wrongdoing or recklessness—misconduct for which the City has no obligation to indemnify." *Brenner v. Heavener*, 492 F. Supp. 2d 399, 405 (S.D.N.Y. 2007); *accord Hardy v. Daly*, 748 F. App'x 379, 381–82 (2d Cir. 2018). Accordingly, only the Holleys' claim for the intentional infliction of emotional distress against the City is dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss is granted in part and denied in part. To summarize the adopted recommendations as modified:

- The Holleys' malicious prosecution claim against the individual defendants may proceed.

- The Holleys' fabrication of evidence claim against the individual defendants may proceed to the extent it arises out of malicious prosecution.

- The Holleys' failure to intervene claim against the individual defendants may proceed to the extent it arises out of malicious prosecution.

- The Holleys' municipal liability claim against the City is dismissed with prejudice to the extent it arises out of their false arrests. The claim is dismissed without prejudice to the extent it arises out of their malicious prosecution.

- The Holleys' New York State constitutional claims against the individual defendants are dismissed with prejudice.

- The Holleys' negligent infliction of emotional distress claim against the City and individual defendants is dismissed with prejudice.

- The Holleys' intentional infliction of emotional distress claim against the City is dismissed with prejudice. The claim against the individual defendants may proceed.

The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 15.

SO ORDERED.

Dated:      March 14, 2024
            New York, New York

Ronnie Abrams
United States District Judge