UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANTHONY HOLLEY and TONY HOLLEY,　　　　　Case No. 23 CV 1838
　　　　　　　Plaintiffs,　　　　　　　　　　　　　　　　(RA) (SN)

　　　-against-　　　　　　　　　　　　　　　　　　　　**AMENDED COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE RAMON　　JURY DEMAND
J. GARCIA [TAX REG. #960576], P.O. THOMAS A.
ACCOMANDO [TAX REG. #949957], P.O. FREDDY
A. PICHARDO [SHIELD #18945], LIEUTENANT
ELVIN A. PICHARDO [TAX REG. #937288], and
JOHN DOE AND JANE DOE #1-5 (the names John
and Jane Doe being fictitious, as the true names are
presently unknown),
　　　　　　　Defendants.
------------------------------------------------------------------------X

Plaintiffs, ANTHONY HOLLEY and TONY HOLLEY, by their attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Detective Ramon J. Garcia [Tax Reg. #960576], P.O. Thomas A. Accomando [Tax Reg. #949957], P.O. Freddy A. Pichardo [Shield #18945], Lieutenant Elvin A. Pichardo [Tax Reg. #937288], and John Doe and Jane Doe #1-5 (collectively, "defendants"), respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, and arising under the law and statutes of the City and State of New York.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the

|   |   |
|---|---|
|   | Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. |
| 3. | As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c). |

## THE PARTIES

4. Plaintiffs are and were at all times material herein residents of Brooklyn, County of Kings, City and State of New York.

5. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7. Defendant Detective Ramon J. Garcia [Tax Reg. #960576] was at all times material herein a police officer and/or detective employed by the NYPD. He is named here in his official and individual capacities.

8. Defendant P.O. Thomas A. Accomando [Tax Reg. #949957] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

9. Defendant P.O. Freddy A. Pichardo [Shield # 18945] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

10. Defendant Lieutenant Elvin A. Pichardo [Tax Reg. #937288] was at all times material herein a sergeant and/or lieutenant employed by the NYPD. He is named here in his official and individual capacities.

11. Defendants John Doe and Jane Doe #1-5 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

12. Defendants Garcia, Accomando, Freddy A. Pichardo, Elvin A. Pichardo, and John Doe and Jane #1-5 are collectively referred to herein as "defendant officers".

13. At all times material to this Complaint, the defendant officers acted toward plaintiffs under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. On or about July 13, 2019, at approximately 1:30 p.m., defendant officers, acting in concert, arrested plaintiffs without cause at or within the vicinity of 328 E Fordham Road, Bronx, New York, and charged each plaintiff with N.Y. PL 165.30(1) 'Fraudulent accosting'.

15. However, plaintiffs did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

16. Prior to the arrest, the plaintiffs, who are brothers, were in the area to meet with some of their friends.

17. Defendant officers who were dressed in street clothes first ran up to plaintiff Tony and forcibly grabbed him from the back.

18. Fearing for his life, plaintiff Tony promptly inquired as to what was going on.

19. Defendant officers ignored plaintiff Tony's inquiries and, instead, proceeded to slam his head on a nearby trash can.

20. Plaintiff Anthony observing his brother being manhandled also inquired as to what was going on.

21. Defendant officers ignored plaintiff Anthony's inquiries and, instead, forcibly grabbed him from the back and tightly handcuffed him with his hands placed behind his back causing him to experience pain and numbness in his hands.

22. Thereafter, plaintiff Tony was tightly handcuffed by defendant officers with his hands placed behind his back causing him to experience pain and numbness in his hands.

23. Defendant officers subjected the plaintiffs to illegal and unlawful search.

24. Defendant officers' illegal search of the plaintiffs did not yield any contraband.

25. Eventually, defendant officers placed the plaintiffs inside their police vehicle(s) and transported the plaintiffs to NYPD-46th Precinct.

26. While at the precinct, defendant officers further subjected the plaintiffs to illegal and unlawful search.

27. Defendant officers did not recover any contraband from their unlawful search of the plaintiffs.

28. Nonetheless, defendant officers continued to detain the plaintiffs at the precinct.

29. After detaining the plaintiffs at the precinct for a lengthy period of time, plaintiffs were transported to Central Booking to await arraignment.

30. At some point following their arrest, defendant officers met with prosecutors employed by the Bronx County District Attorney's Office.

31. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that each plaintiff was observed by defendant officers "playing a game of chance known as '3 card monte' on a public sidewalk exchanging money (usc) and manipulating playing cards along with a small red sponge ball" and that each plaintiff "was arrested multiple times in the past for the same offense."

32. Upon information and belief, defendant officers also arrested another individual named Kyle Robinson and charged him with exactly the same offense(s).

33. Relying upon the falsified police records, reports and statements, the prosecutors initiated criminal actions against the plaintiffs.

34. On or about July 14, 2019, the plaintiffs were arraigned on criminal court complaints sworn to by defendant officers falsely charging each plaintiff with N.Y. PL 165.30 'Fraudulent accosting', N.Y. PL 225.30(2) 'Possession of a gambling device', N.Y. PL 225.05 'Promoting gambling in the second degree'. and PL 240.35(2) 'Loitering'.

35. Upon arraignment, plaintiffs were released on their own recognizance but were required to return to the criminal court on multiple occasions to defend the false charges levied against them.

36. Each plaintiff subsequently appeared in criminal court on multiple occasions to defend the false charges levied.

37. On or about October 16, 2019, after multiple appearances in the criminal court, plaintiff Anthony filed a motion to dismiss the false charges levied against him on the basis that there was no evidence of any crime or offense committed by him.

38. On or about November 13, 2019, the prosecutors agreed with plaintiff Anthony and summarily dismissed the false charge(s) levied against him.

39. Plaintiff Tony continued to make numerous appearances in the criminal court.

40. Eventually, on or about November 30, 2020, the false charge(s) levied against plaintiff Tony were summarily dismissed by the criminal court.

41. Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

42. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiffs.

43. As a result of the aforesaid actions by defendants, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

44. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 43 of this complaint as though fully set forth herein.

45. Based on the false testimony of defendant officers, the prosecutors initiated criminal actions against the plaintiffs.

46. Plaintiffs were required to, and did, appear in court on numerous occasions to defend themselves from the false charges levied against them with malice by defendants.

47. Eventually, the proceeding(s) terminated in plaintiffs' favor.

48. Because of the conduct of the defendants, plaintiffs were maliciously prosecuted for a lengthy period of time.

49. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

50. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

51. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendant officers, individually and severally.

SECOND CAUSE OF ACTION: FABRICATION OF EVIDENCE - against defendant officers

52. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 51 of this complaint as though fully set forth herein.

53. Defendant officers manufactured evidence against the plaintiffs which was relied upon to initiate actions against the plaintiffs.

54. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of due process rights.

55. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

56. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendant officers, individually and severally.

THIRD CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

57. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 56 of this complaint as though fully set forth herein.

58. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

59. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

60. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

61. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendant officers, individually and severally.

FOURTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

62. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 61 of this complaint as though fully set forth herein.

63. Defendant City, acting through NYPD, had actual and/or de facto policies, practices, customs and/or usages of using private information from sealed arrests to target and unlawfully re-arrest, fabricate evidence, and charge individuals who are members of racial/ethnic minority groups such as plaintiffs, who are blacks, as repeat offenders.

64. As was recently observed by Niji Jain, an attorney at the Bronx Defenders, "the NYPD has been using private information from sealed arrests in over a dozen of their interconnected surveillance databases" to target and unlawfully re-arrest and charge individuals who are members of racial/ethnic

7

    minority groups as repeat offenders. *See* CityLimits, NYPD Can No Longer Access Sealed Arrest Records Without Court Order, Judge Rules, https://citylimits.org/2021/09/28/nypd-can-no-longer-access-sealed-arrest-records-without-court-order-judge-rules/ (last visited March 29, 2024).

65. The NYPD's "unlawful use of these records has primarily harmed Black and brown New Yorkers who bear the brunt of the NYPD's over-policing of low-income communities of color." *See* CityLimits, Opinion: The NYPD's Abuse of Sealed Arrest Records Jeopardizes All New Yorkers, https://citylimits.org/2023/04/20/opinion-the-nypds-abuse-of-sealed-arrest-records-jeopardizes-all-new-yorkers/#:~:text=%E2%80%9CLast%20month%2C%20a%20New%20York,for%20the%20past%2046%20years.%E2%80%9D (last visited March 29, 2024).

66. In a decision issued in *R. C. v. City of New York* (Index No. 153739/2018), concerning the plaintiffs' motion for preliminary injunction to, among other things, restrain and enjoin defendants from instructing NYPD personnel that they may access and use sealed arrest information without a court order and to require defendants to issue a FINEST training message stating that NYPD personnel may not access and use sealed arrest information without a court order, the court observed, among other things, that the "defendants freely admit that their prior training regarding the sealing of records was contrary to law" and that "the NYPD did not properly train [its police officers] as to the sealing statutes".

67. Relying upon City's policy and practices and the fact that it has failed to properly train defendant officers as to the sealing statutes, defendant officers targeted and unlawfully arrested the plaintiffs, fabricated evidence against them, and thereafter falsely charged them with multiple crimes as repeat offenders.

68. In addition, the City, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating,

|   |   |
|---|---|
|   | degrading, manufacturing evidence, and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiffs on the pretext that they were involved in crimes. |
| 69. | The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct. |
| 70. | For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the court observed that defendant City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling. |
| 71. | In *Ligon v. City of New York*, 925 F. Supp. 2d 478 (S.D.N.Y. 2013), the court determined that defendant City, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same). |
| 72. | Notably, numerous civil rights complaints filed in this district and state courts have similarly alleged that many of the police officers involved in this case, including the defendant officers, routinely stop and frisk and manufacture evidence of criminality against individuals who are members of racial/ethnic minority groups such as the plaintiffs in order to arrest and maliciously prosecute them. *See, e.g., Kyle Robinson v. City of New York* (Case No. 23 CV 5917), *Sequan Wilson v. City of New York* (Index No. 815834/2022E), *Leotaud Guerra v. City of New York* (Index No. 816562/2021E), *Lashonda Coates-Samuels v. City of New York* (Index No. 33894/2020E), *Mike Silva v. City of New York* (22483/2020E), *Robert Collins v. City of New York* (Index No. 32647/2019E), *Markey Linen v. City of New York* (Index No. 26290/2019E), *Timothy Hampton v. City of New York* (Case No. 18 CV 7755), *Louis Rivera v. City of New York* (Index No. 31181/2018E), *Jose DeLeon v. Elvin Pichardo* (Case No. 15 CV 9804), *Travis Yancey v. City of New York* (Index No. 25791/2015E), *Anthony Caceres v. City of New York* (09 CV 8134). |

73. Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD-46th Precinct alleging, among other things, that the police officers unlawfully stooped and frisked, falsely arrested, and maliciously prosecuted the plaintiffs without probable cause.

74. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police routinely fabricate evidence, arrest innocent citizens without probable cause, and use excessive force in the arrest of innocent citizens.

75. As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiffs, incarcerated them, and abused and/or assaulted the plaintiffs.

76. Defendant City maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

77. The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force and the right to due process.

78. By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

<u>FIFTH CAUSE OF ACTION: TORTS (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendant officers</u>

79. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 78 of this complaint as though fully set forth herein.

80. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

81. Plaintiffs' emotional distress have damaged their personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention, and imprisonment by defendants.

82. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

d. For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
    March 29, 2023

UGO UZOH, P.C.

By: *Ugochukwu Uzoh*
    Ugochukwu Uzoh
    Attorney for the Plaintiffs
    56 Willoughby Street, Third Floor
    Brooklyn, N.Y. 11201
    Tel. No: (718) 874-6045
    Fax No: (718) 576-2685
    Email: u.ugochukwu@yahoo.com