USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/4/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ANTHONY HOLLEY, and TONY HOLLEY

                              Plaintiffs,

           -against-

THE CITY OF NEW YORK, DETECTIVE RAMON J. GARCIA [TAX REG. #960576], P.O. THOMAS A. ACCOMANDO [TAX REG. #949957], P.O. FREDDY A. PICHARDO [SHIELD #18945], LIEUTENANT ELVIN A. PICHARDO [TAX REG. #937288], and JOHN DOE AND JANE DOE #1-5 (the names John and Jane Doe being fictitious, as the true names are presently unknown), Defendants.,

                              Defendants.

------------------------------------------------------------------- x

**STIPULATION AND PROTECTIVE ORDER**

23 Civ. 1838 (RA) (SN)

      **WHEREAS**, the respective parties have sought certain documents and information in this action;

      **WHEREAS,** the parties deem the sought-after information and/or documents confidential, private and/or subject to law enforcement and/or governmental privileges and/or other applicable privileges;

      **WHEREAS,** the parties object to the production of the requested information and/or documents unless appropriate protection for their confidentiality is assured;

      **WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiffs and defendants City of New York, Detective Ramon Garcia,

Officer Thomas Accomando, Freddy Pichardo, and Lieutenant Elvin Pichardo, (collectively "defendants"), as follows:

1. As used herein, "Action" shall mean the pending action between plaintiffs and defendants captioned <u>Anthony Holley, et al., v. City of New York, et al.</u>, 23 Civ. 1838 (RA) (SN).

2. As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party who is not the "Producing Party", as defined herein, for that document or information.

3. As used herein, without waiving any objections the Producing Party might seek to interpose regarding production of these documents, "Confidential Materials" shall mean:

(A) New York City Police Department ("NYPD") personnel and employment history and records;

(B) NYPD disciplinary-related records and information regarding the conduct of Police Officers of the NYPD, including, but not limited to, investigations conducted by the NYPD, Civilian Complaint Review Board, the New York City Department of Investigation, or other agencies;

(C) Plaintiffs' medical records;

(D) A list from the New York City Police Department that identifies plaintiffs' prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests;

(E) Names and addresses of non-party individuals/witnesses who have been identified and/or disclosed by the producing party to the extent such information is within the producing party's possession;

(F) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties or the Court.

4. The documents and information as defined in paragraph "3" shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by the Receiving Party from sources other than the Producing Party, (b) obtained by the parties pursuant to the Freedom of Information Laws ("FOIL"),[1] or (c) are otherwise publicly available.

5. The Producing Party shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to the Receiving Party. The Producing Party shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

6. Any documents produced by a non-party to a party herein pursuant to a subpoena in this Action and that are designated as Confidential Material by such receiving party shall be governed by the terms of this Stipulation and Protective Order.

7. The Producing Party reserves the right to designate any document confidential pursuant to this agreement, if necessary, after production of such documents to the Receiving Party.

8. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, and/or is otherwise immune from discovery, shall not

---

[1] To the extent that plaintiffs have obtained or obtain documents pursuant to FOIL, production of such documents must be made to defendants pursuant to Rule 26, and should be clearly labelled as having been obtained via FOIL.

constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the Producing Party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

9. Notwithstanding the provisions of this Protective Order, if the Receiving Party or anyone on the Receiving Party's behalf make public representations, the substance of which concerns or is contained in the Confidential Materials, the Producing Party may move the Court, on an expedited basis, for relief.

10. The Receiving Party shall not use the Confidential Materials for any purpose other than for the litigation, preparation, settlement or presentation of such party's case in this Action.

11. If the Receiving Party objects to the designation of any particular document as Confidential Material, the party shall state such objection in writing to the Producing Party, and the parties shall in good faith attempt to resolve such objection. If the objection cannot be resolved among the parties, the Receiving Party, within 45 days of the initial objection, may request that the Court remove the designation. Any such materials or information shall remain Confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

12. The Receiving Party's attorney shall keep confidential for "attorney's eyes only" the personal and identifying information (including, but not limited to, social security number, date of birth, driver's license, address and telephone number) regarding non-NYPD and/or civilian witnesses identified by the production of documents or otherwise identified in the course of this litigation.  Such information shall be used only by the attorney or their law firm or agents for the purpose of communication with witnesses, or the service of subpoenas, and shall not be

disclosed to the Receiving Party, his or her family members, or other persons, and such information shall not be included in documents publicly filed with the Court.

    13.    The Receiving Party's attorney shall not disclose the Confidential Materials to any person not a member of the staff of his law office, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of the Receiving Party's case in this action, to those individuals described in subparagraph (b) below.

    b. Disclosure before trial may be made only to the plaintiffs or defendants, to an expert who has been retained or specially employed by a party's attorney in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), the Receiving Party's attorney shall provide each such person with a copy of this Stipulation and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or settlement of this Action and not to further disclose the Confidential Materials except in testimony taken in this Action. The Receiving Party shall retain the signed consent and furnish a copy to the Producing Party's attorneys upon request at a deposition or immediately before trial, although the name of an expert that a party does not intend to call as a trial witness may be redacted from such consent before it is produced.

  d. Defendants' attorneys may also disclose the Confidential Materials to the New York City Police Department, the New York City Comptroller's Officer, and the New York City Mayor's Office, solely in connection with the defense or settlement of this Action.

  e. Disclosure of medical records deemed "Confidential" under this Protective Order may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

  14. A party may designate deposition testimony as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and the opposing party, in writing, within 30 days after a deposition has concluded (during which time the entire deposition will be considered "Confidential"), of the specific pages and lines of the transcript that are to be designated "Confidential," in which event the parties receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the party or their counsel.

  15. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the district court in which the Action is filed and/or the Individual Rules of the judge to whom the papers are directed.

  16. However, where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal,

confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, a party may file redacted documents without further order of the Court.

17. In addition, where reasonable advance notice is given by a party and the parties agree in writing to the use of the confidential information in support of a motion for summary judgment or any other dispositive motion or at a trial on the merits in this matter, such information will not be subject to the instant protective order. In the event that the Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

18. This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party, or anyone receiving confidential documents pursuant to paragraph 13 (subsection (b)) herein, for any purpose without prior Court approval.

19. This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

20. The terms of this Stipulation and Protective Order shall be binding upon all current and future parties to this Action and their counsel.

**SPACE INTENTIONALLY LEFT BLANK**

21. Nothing in this Stipulation and Protective Order shall be construed to limit a Producing Party's use of its own information and/or documents designated as Confidential Materials in any manner.

Dated: New York, New York
\_\_\_May_____ \_\_31\_\_ , 2024

| | |
|---|---|
| UGOCHUKWU UZOH, Esq.<br>*Attorney for Plaintiffs*<br>56 Willoughby Street, Third Floor<br>Brooklyn, NY 11201 | HON. SYLVIA O. HINDS-RADIX<br>Corporation Counsel of the<br>City of New York<br>*Attorney for Defendants City of New York, Garcia, Accomando, Pichardo and Pichardo*<br>100 Church Street, 3rd Floor<br>New York, New York 10007 |
| By: *Ugochukwu Uzoh*<br>Ugochukwu Uzoh | By: \_\_/s/Joseph Zangrilli\_\_\_\_ |

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: June 4, 2024
New York, New York

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Stipulation and Protective Order dated _____, 2022, entered into the action entitled <u>Anthony Holley et al., v. City of New York, et al.</u>, 23 Civ. 1838., and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____     Signature: _____

Print Name: _____

Occupation: _____